UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT POKORNY,

                Plaintiff,

-against-

MICHAEL J. ASTRUE, Commissioner of Social Security

                Defendant.

----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-1694 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

On April 24, 2009, Plaintiff Robert Pokorny ("Pokorny") brought the instant suit challenging the Commissioner of Social Security's denial of his claim for Social Security benefits under 28 U.S.C. § 405(g). (Docket Entry # 1.) On November 12, 2009, the parties filed cross-motions for judgment on the pleadings: the Commissioner sought an order of remand for further administrative proceedings (Docket Entry # 18) while Pokorny opposed the Commissioner's motion and sought a judicial determination that he was disabled under the Social Security Act (Docket Entry # 16). On December 14, 2010, the court granted the Commissioner's motion, denied Pokorny's motion, and ordered Pokorny's case remanded for further administrative proceedings under "sentence four" of 42 U.S.C. § 405(g). (Docket Entry # 22.) The Clerk of Court entered judgment the following day. (Docket Entry # 23.)

On March 9, 2011, Pokorny moved for attorneys' fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. (Docket Entry # 24.) Rather than litigating the fees question, on April 1, 2011, the parties filed a stipulation for fees under the EAJA. (Docket Entry # 27.) The EAJA commands, however, that a plaintiff is entitled to fees only if he is the "prevailing party" and only where the agency's position was not "substantially justified."

1

28 U.S.C. § 2412(d)(1)(A). While it is true that a remand under sentence four of 42 U.S.C. § 405(g) generally makes a Social Security claimant the "prevailing party" for EAJA purposes, it is unclear whether this is the case where the Commissioner seeks remand and the claimant seeks a determination of disability from the district court. Cf. Shalala v. Schaefer, 509 U.S. 292, 295–302 (1993) (concluding that the claimant was the "prevailing party" for EAJA purposes where the District Court ordered a sentence four remand, and where both the claimant *and* the Commissioner contested remand). It is similarly unclear if the Commissioner's position can fail to be "substantially justified" where the Commissioner seeks—and obtains—a sentence four remand.

Accordingly, the court strikes the parties' stipulation for attorneys' fees without prejudice. The court further directs the parties to submit supplemental briefing on Pokorny's motion for attorneys' fees as to whether EAJA fees are appropriate in the instant circumstances. Pokorny shall serve his opening supplemental brief by April 25, 2011; the Commissioner shall serve his opposition brief, if any, by May 16, 2011; and Pokorny shall serve his reply, if any, by May 31, 2011, and electronically file the fully briefed motion the same day.

SO ORDERED.

Dated: Brooklyn, New York
April 5, 2011

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge